IN THE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THOMAS LINDLY, | ) ) ) |
| Relator/Plaintiff, | ) ) ) Civil Action No. 09-CV-639-DW |
| v. | ) ) |
| ALLIANT TECHSYSTEMS, INC., | ) ) |
| Defendant. | ) ) |

## ALLIANT TECHSYSTEMS, INC.'S
## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, Alliant Techsystems Inc., ("Alliant") for its answer to Relator/Plaintiff Thomas Lindly's ("Lindly") First Amended Complaint, alleges and states as follows:

1. Answering paragraph 1, Alliant admits only that Lindly attempts to make a claim for wrongful discharge in violation of 31 U.S.C. § 3730(h) but denies that Lindly has properly pled such a cause of action or that such claim is supported by facts or law.

2. Answering paragraph 2, Alliant states that it proudly manufactures quality ammunition for the United States government in accordance with government specifications. The federal government has investigated Lindly's allegations and has declined to pursue such false allegations. Alliant denies all allegations contained in paragraph 2.

3. Answering paragraph 3, Alliant denies all allegations contained in that paragraph.

4. Answering paragraph 4, Alliant denies all allegations contained in that paragraph.

5. Answering paragraph 5, Alliant admits only that Lindly was an employee of Alliant at the Lake City Army Ammunition Plant in Independence, Missouri. Except as

specifically admitted Alliant denies all allegations contained in paragraph 5 of Lindly's First Amended Complaint.

6. Answering paragraph 6, Alliant denies all allegations contained in that paragraph.

7. Answering paragraph 7, Alliant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies paragraph 7.

8. Answering paragraph 8, Alliant admits that it is a publicly traded company with its corporate headquarters are at 7480 Flying Cloud Drive, Eden Prairie, Minnesota. Except as specifically admitted Alliant denies the allegations contained in paragraph 8.

9. Answering paragraph 9, Alliant admits only that Lindly attempts to make a claim for wrongful discharge under 31 U.S.C. § 3730(h). Alliant denies that Lindly has properly pled such a cause of action or that such claim is supported by facts or law.

10. Answering paragraph 10, Alliant admits only this Court has subject matter jurisdiction over this litigation and denies all other allegations contained in paragraph 10.

11. Answering paragraph 11, Alliant admits only that venue is proper in this Court and denies all other allegations contained in paragraph 11 of the First Amended Complaint.

12. Answering paragraph 12, Alliant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies paragraph 12.

13. Answering paragraph 13, Alliant denies all allegations contained in that paragraph.

14. Answering paragraph 14, admits paragraph 14.

15. Answering paragraph 15, Alliant denies all allegations contained in that paragraph.

16. Answering paragraph 16, Alliant admits that ATK Armament Systems is the world's largest supplier of military ammunition. Except as admitted Alliant denies the allegations contained in paragraph 16.

17. Answering paragraph 17, Alliant admits paragraph 17.

18. Answering paragraph 18, Alliant admits paragraph 18.

19. Answering paragraph 19, Alliant denies that LCAAP is the only small-caliber ammunition production facility providing ammunition to the Department of Defense. LCAAP is also a federal enclave. Except as denied, Alliant admits the remainder of paragraph 19.

20. Answering paragraph 20, Alliant admits paragraph 20.

21. Answering paragraph 21, Alliant admits it has operated the LCAAP under contracts with federal government since 2000. Except as admitted, Alliant denies the remainder of paragraph 21.

22. Answering paragraph 22, Alliant admits only that it has contracts to manufacture ammunition to meet specifications of the U.S. Government. Except as specifically admitted Alliant denies the allegations contained in paragraph 22.

23. Answering paragraph 23, Alliant denies all allegations of that paragraph.

24. Answering paragraph 24, Alliant admits only that steps in the manufacturing of .50 caliber ammunition include Bullets, Casings, Prime, Load, Gage and Weigh, and Packing. Except as specifically admitted Alliant denies the allegations contained in paragraph 24.

25. Answering paragraph 25, Alliant admits only that Prime and Load are areas where ammunition components are assembled. Except as admitted Alliant denies the allegations contained in paragraph 25.

26. Answering paragraph 26, Alliant admits only that ammunition cases are filled with a requisite amount of powder and bullets are inserted into the cases during the manufacturing process. Except as specifically admitted Alliant denies the allegations contained in paragraph.

27. Answering paragraph 27, Alliant admits only that completed cartridges are sometimes transported within the LCAAP in four-wheeled carts. Except as specifically admitted Alliant denies the allegations contained in paragraph 27.

28. Answering paragraph 28, Alliant admits only that completed cartridges typically move from Loading to Gage and Weigh within the LCAAP as a part of the manufacturing process, and that cartridges and components are evaluated at multiple steps in the manufacturing process. Except as specifically admitted Alliant denies the remaining allegations contained in paragraph 28.

29. Answering paragraph 29, Alliant admits only that ammunition manufactured at the LCAAP is typically packaged into lots. Except as specifically admitted Alliant denies the allegations contained in paragraph 29.

30. Answering paragraph 30, Alliant admits only that lot acceptance testing is required by government specifications. Except as specifically admitted Alliant denies all the allegations contained in paragraph 30.

31. Answering paragraph 31, Alliant admits only that certain ammunition which does not meet government specifications may be sold for civilian use. Except as otherwise admitted Alliant denies the allegations contained in paragraph 31.

32. Answering paragraph 32, Alliant denies all allegations contained in that paragraph.

33. Answering paragraph 33, Alliant denies all allegations contained in that paragraph.

34. Answering paragraph 34, Alliant denies all allegations contained in that paragraph.

35. Answering paragraph 35, Alliant denies all allegations contained in that paragraph.

36. Answering paragraph 36, Alliant denies all allegations contained in that paragraph.

37. Answering paragraph 37, Alliant admits only that Lindly began working for Alliant at LCAAP in January of 2007. Except as otherwise admitted Alliant denies all allegations contained in paragraph 37.

38. Answering paragraph 38, Alliant admits only that Lindly began working for Alliant at LCAAP in January of 2007. Except as otherwise admitted Alliant denies all allegations contained in paragraph 38.

39. Answering paragraph 39, Alliant admits only that Lindly became a supervisor in March of 2008. Except as admitted Alliant denies all allegations contained in paragraph 39.

40. Answering paragraph 40, Alliant admits only that Lindly worked on the evening shift. Except as admitted Alliant denies all allegations contained in paragraph 40.

41. Answering paragraph 41, Alliant admits only that Lindly worked in Building 3. Except as admitted Alliant denies all allegations contained in paragraph 41.

42. Answering paragraph 42, Alliant admits only that Mr. Harris, Mr. Langevin, Mr. Robinson, Ms. Mead, Mr. Holland, Ms. Martinez, and Mr. Hedges are or were Alliant

employees. Except as specifically admitted Alliant denies all allegations contained in paragraph 42.

43. Answering paragraph 43, Alliant admits only that there were administrative meetings of managers and supervisors at the LCAAP. Except as specifically admitted Alliant denies all allegations contained in paragraph 43.

44. Answering paragraph 44, Alliant denies all allegations contained in that paragraph.

45. Answering paragraph 45, Alliant denies all allegations contained in that paragraph.

46. Answering paragraph 46, Alliant denies all allegations contained in that paragraph.

47. Answering paragraph 47, Alliant denies all allegations contained in that paragraph.

48. Answering paragraph 48, Alliant denies all allegations contained in that paragraph.

49. Answering paragraph 49, Alliant denies all allegations contained in that paragraph.

50. Answering paragraph 50, Alliant denies all allegations contained in that paragraph.

51. Answering paragraph 51, Alliant denies all allegations contained in that paragraph.

52. Answering paragraph 52, Alliant denies all allegations contained in that paragraph.

53. Answering paragraph 53, Alliant denies all allegations contained in that paragraph.

54. Answering paragraph 54, Alliant denies all allegations contained in that paragraph.

55. Answering paragraph 55, Alliant admits only that Lindly's employment with Alliant at LCAAP was terminated. Except as specifically admitted Alliant denies all allegations contained in paragraph 55.

56. Answering paragraph 56 of Lindly's First Amended Complaint, Alliant states that the allegations contained therein are statements of law about the interpretation of a federal statute and therefore need not be answered. Notwithstanding, Alliant specifically denies that the False Claims Act is applicable in law or in fact to the allegations in this suit, and states that statute speaks for itself and its interpretation rests with the Courts.

57. Answering paragraph 57 of Lindly's First Amended Complaint, Alliant states that the allegations contained therein are statements of law about the interpretation of a federal statute and therefore need not be answered. Notwithstanding, Alliant specifically denies that the False Claims Act is applicable in law or in fact to the allegations in this suit, and states that statute speaks for itself and its interpretation rests with the Courts.

58. Alliant incorporates by reference its responses to paragraphs 1-57 above.

59. Answering paragraph 59, Alliant denies all allegations contained in that paragraph.

60. Answering paragraph 60, Alliant denies all allegations contained in that paragraph.

61. Alliant denies each and every allegation contained in Lindly's First Amended Complaint which has not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

First Affirmative Defense: Lindly's First Amended Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

Second Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part for the reason that Lindly has failed to allege that he was engaged in protected activity under the False Claim's Act.

Third Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part for the reason that Lindly failed to allege that Alliant had knowledge that Lindly was engaged in protective activity before he was terminated.

Fourth Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part by the applicable statute of limitations.

Fifth Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part for the reason that Lindly has failed to mitigate any alleged damages he seeks in this matter.

Sixth Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part under the Federal Enclave Doctrine.

Seventh Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part for the reason that Lindly has failed to satisfy all conditions precedent to this action.

Eighth Affirmative Defense: Lindly's First Amended Complaint is based in whole or in part under the public disclosure bar, 31 U.S.C. § 3730 (e) (4), for the reason that the factual allegations of the manufacturing process at issue in Lindly's First Amended Complaint are publicly disclosed.

Ninth Affirmative Defense: This Court is without jurisdiction to hear this suit for the reason that the First Amended Complaint is barred by the public disclosure bar 31 U.S.C. § 3730 (e)(4).

Tenth Affirmative Defense: Lindly's First Amended Complaint is barred in whole or in part for the reason that Lindly has not alleged that Alliant acted with the requisite intent.

WHEREFORE, having fully answered Lindly's First Amended Complaint, and Lindly being entitled to no relief, Alliant requests that this Court dismiss Lindly's First Amended Complaint in its entirety and grant Alliant its costs and attorneys' fees from Lindly, and for such other relief as the Court deems proper.

Respectfully submitted,

LATHROP & GAGE LLP

/s/ William F. Ford
Jack D. Rowe             MO #22996
William F. Ford, Jr.     MO #35116
Bridget B. Romero        MO #56850
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001
E-mail:    jrowe@lathropgage.com
           wford@lathropgage.com
           bromero@lathropgage.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2010, the foregoing document was electronically filed with the Court of this Court using the CM/ECF system, and that a copy was served, by ECF and/or first class United States mail, postage prepaid, that same date to:

  Mark A. Jess
Kansas City Livestock Exchange Building
1600 Gennessee, Suite 842
Kansas City, Missouri 64102

  And

  David A. Lunceford
201 N.E. 1st Street
Lee's Summit, Missouri 64063

Attorneys for Relator/Plaintiff Thomas Lindly

Lucinda S. Woolley
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106

Attorneys for the United States

                                           /s/ William F. Ford
                                           An Attorney for Defendant